IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JOHN A MORRIS, | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | CASE NO. 4:18-CV-00023-CDL-MSH |
| NEW HORIZONS, | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

In accordance with the Court's previous order, *pro se* Plaintiff John A. Morris, a prisoner who is incarcerated at the Muscogee County Jail in Columbus, Georgia, has paid an initial partial filing fee and filed a supplement to his original Complaint seeking relief under 42 U.S.C. § 1983 (ECF No. 8). The undersigned has reviewed Plaintiff's submissions and finds Plaintiff's mental health treatment claims against Defendant New Horizons must proceed for further factual development.

**PRELIMINARY SCREENING**

**I.    Standard of Review**

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis* ("IFP"). Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the

complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like those here, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes*, 350 F.3d at 1160. Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or

2

omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II. Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise from Defendant New Horizon's alleged failure to treat Plaintiff's mental health needs. According to Plaintiff, Defendant "is a local government body or entity that is under contract" to provide health care related to mental health, developmental disabilities, and addictive disease. 2d Suppl. Compl. 4, 5, ECF No. 8 (citing O.C.G.A. §§ 37-2-4.1(c), 37-1-2). Plaintiff alleges that he had an appointment at New Horizons on June 4, 2016, to see his psychiatrist. Compl. 1, ECF No. 1. Plaintiff waited for several hours without being seen before a receptionist informed him that his psychiatrist "was out due to having a death in the family." *Id.* Plaintiff told the receptionist that he was out of medication and requested to see another practitioner. *Id.* The receptionist told Plaintiff that he could not be seen that day and told Plaintiff to come back that Friday. *Id.* On Friday, Plaintiff again traveled to New Horizons and waited for several more hours without seeing a psychiatrist. *Id.* at 1-2. He once again informed the receptionist that he was out of medication. *Id.* at 2. The receptionist told Plaintiff that no practitioners had openings that day and that it would be "best" for Plaintiff to come back the following week. Compl. 2.

That Friday evening, Plaintiff alleges he "started getting sick." *Id.* Plaintiff states he suffered from severe anxiety attacks, and "extreme insomnia and paranoia." *Id.* Plaintiff again attempted to be seen at New Horizons the following Monday, but was unsuccessful. After Plaintiff had been waiting for nearly three hours, a receptionist again informed Plaintiff that his psychiatrist "had taken an immediate vacation and someone would call [Plaintiff] when they contacted him." *Id.* Plaintiff again told the receptionist that he wasn't feeling well but was told he "just needed to hang in there until they could fit [him] into someone else['s] schedule." *Id.*

That evening, Plaintiff states his "anxiety and paranoia was worse" and that he "thought [he] was going to die from [his] anxiety attacks." *Id.* Plaintiff alleges he "began hallucinating that if [he] didn't get medication soon, [he] was going to die." Compl. 2. Plaintiff "waited days to hear from New Horizons as they had promised" but never received an appointment. 2d Suppl. Compl. 2. Plaintiff ultimately decided that "the only way to cure [himself] was with . . . street drugs." Compl. 2-3. Because he "had no money to get any drug, [he] took a chance by committing a crime to get some quick cash to self-medicate." *Id.* at 3. Plaintiff was caught and jailed, and he alleges that "since being in jail New Horizon has refuse[d him] mental health court." *Id.*

Plaintiff's allegations can be most accurately construed as attempting to state a claim for failure to provide adequate medical treatment. A plaintiff who demonstrates that a state actor was deliberately indifferent to his serious medical needs, including mental health needs, can state a claim under the Eighth Amendment. *See, e.g., Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); *cf. also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th

Cir. 1986) ("Failure to provide basic psychiatric and mental health care states a claim of deliberate indifference to the serious medical needs of prisoners."). In this case, it appears that the only named Defendant in this case is New Horizons. *See* Am Compl. 1, 4, ECF No. 5; 2d Suppl. Compl. 1, ECF No. 8.[1] "A governmental entity cannot be liable under § 1983 for the actions of its employees on a theory of respondeat superior." *Connor v. Halifax Hosp. Med. Ctr.*, No. 01-16207, 2002 WL 32290997, at *4 (11th Cir. June 26, 2012) (per curiam) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Instead, such an entity may only be liable "if such constitutional torts result from an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law." *Denno v. Sch. Bd. of Volusia Cty.*, 218 F.3d 1267, 1276 (11th Cir. 2000).

Construing Plaintiff's allegations liberally, as the Court must at this stage, Plaintiff has alleged facts suggesting that New Horizons had a policy of refusing to see patients who did not have a scheduled appointment, even if that patient was experiencing serious health concerns. *See, e.g.,* 2d Suppl. Compl. 5-6 (noting that "New Horizons has changed their appointment policy" such that "consumers are now allowed to walk-i[n] 5 day's a week

---

[1] Plaintiff mentions the "Regional Office," "Service Providers," "Regional Board," "Regional Coordinator," and "Service Administrator" at the beginning of his Second Supplemental Complaint, and later in his submissions he states that "[e]very service provider acts as a Department agent, and can be held liable within their official capacity as a person acting under color of state law." *See* Suppl. Compl. 1, 3, ECF No. 8. It is unclear whether Plaintiff intends to add any of these individuals or entities as parties to this lawsuit. If Plaintiff does intend to do so, he should file a motion to amend his Complaint to add these parties. The undersigned notes that some of these claims may be redundant, however. *See, e.g., Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (per curiam) (noting that "suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent").

and be seen as needed, and receive their medication as needed" because "to[o] many consumers were going untreated and unmedicated"); *see also* Compl. 2 (Plaintiff was not able to be seen without an "opening"); *id.* at 3 (Plaintiff's psychiatrist told him that "a new policy" allowed patients to be seen on "[a] first come, first seen" basis without appointments). As a result, Plaintiff was injured. *See, e.g.,* 2d Suppl. Compl. 2-3 (Plaintiff "suffer[ed] a serious breakdown" during which "his brain and body went through a dramatic series of remission without his medication" causing "the most severe symptoms of his disorders" to return). At this stage of the litigation, the undersigned cannot say Plaintiff's claims are necessarily entirely without merit. Accordingly, Plaintiff's claims against New Horizons shall proceed for further factual development.

## III. Conclusion

Based on the foregoing, the undersigned concludes Plaintiff has alleged facts sufficient to raise colorable constitutional claims against Defendant New Horizons. Those claims must therefore proceed for further factual development.

### ORDER FOR SERVICE

Having found that Plaintiff's allegations against Defendant New Horizons require further factual development, it is **ORDERED** that service be made on Defendant and that it file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

**DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

**DUTY TO PROSECUTE ACTION**

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that it is expected to diligently defend all allegations made against it and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS,
PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk

of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

SO ORDERED, this 15th day of August, 2018.

s/ Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE